IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIDGET SIMONDS, <br> 941 SOUTH AVENUE, <br> SECANE, PA 19018 <br><br> VS. <br><br> DELAWARE COUNTY <br> 201 WEST FRONT STREET <br> MEDIA, PA 19063 <br>     AND <br> CORRECTIONAL MEDICAL ASSOCIATES, INC. <br> 2233 PEACHTREE ROAD, N.E. <br> ATLANTA, GA 30309 <br>     And <br> COMMUNITY EDUCATION CENTERS, INC. <br> 35 FAIRFIELD PLACE <br> WEST CALDWELL, NJ 07006 <br>     AND <br> DR. PHILLIPS, HEAD OF MEDICAL DEPARTMENT <br> GEORGE HILL CORRECTIONAL FACILITY <br> 500 CHEYNEY ROAD, <br> THORNTON, PA 19373 <br>     AND <br> CORRECTIONS OFFICER DIXON <br> GEORGE HILL CORRECTIONAL FACILITY <br> 500 CHEYNEY ROAD, <br> THORNTON, PA 19373 <br>     AND <br> CORRECTIONS OFFICER STACEY <br> GEORGE HILL CORRECTIONAL FACILITY <br> 500 CHEYNEY ROAD, <br> THORNTON, PA 19373 <br>     AND <br> CORRECTIONS OFFICER JOHN DOE <br> GEORGE HILL CORRECTIONAL FACILITY <br> 500 CHEYNEY ROAD, <br> THORNTON, PA 19373 <br>     AND <br> MEDICAL STAFF OFFICER JANE DOE <br> GEORGE HILL CORRECTIONAL FACILITY <br> 500 CHEYNEY ROAD, <br> THORNTON, PA 19373 | CIVIL ACTION <br><br> JURY TRIAL DEMANDED <br><br><br><br><br><br><br><br><br><br><br><br><br><br> NO. |

## COMPLAINT

### I. JURISDICTION AND VENUE

1. The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. § 1331 and § 1343 and jurisdiction over the State Law Claims pursuant to the principals of pendant and ancillary jurisdiction.

2. Venue is proper under 28 U.S.C. § 1391(b) because the cause of action upon which the complaint is based arose in Delaware County, Pennsylvania, which is in the Eastern District of Pennsylvania.

### II. PARTIES

3. Plaintiff is an adult citizen of the Commonwealth of Pennsylvania, residing as captioned.

4. Plaintiff was released from custody prior to the filing of this Complaint.

5. Defendant, Delaware County, is a municipal agency, organized and existing pursuant to Pennsylvania law, with a main office located as captioned.

6. At all material times, the defendant, Delaware County, was charged with the responsibility of testing, hiring, training, disciplining and supervising members of the staff of the George Hill Correctional Facility ("GHCF").

7. Defendant, Correctional Medical Associates, Inc. ("CMA"), is a business entity, organized and existing pursuant to Georgia Law, with a principle place of business located as captioned.

8. At all material times, Defendant, Correctional Medical Associates, Inc., acted or failed to act by and through its agents, servants, and/or employees, then and there acting within the course and scope of their agency or employment.

9. Defendant, Community Education Centers, Inc. ("CEC"), is a business entity, organized and existing pursuant to New Jersey law, with a principal place of business located as captioned.

10. At all material times, Defendant, Community Education Centers, Inc., acted or failed to act by and through its agents, servants, and/or employees, then and there acting within the course and scope of their agency or employment.

11. Defendant, Dr. Phillips, is an adult individual and resident of the Commonwealth of Pennsylvania.

12. Defendant, Dr. Phillips, acted under color of state law, and was at all material times responsible for the hiring, training, supervision and discipline of all medical staff at the George Hill Correctional Facility, and further had final decision making authority over the drafting and implementation of CHCF policies and procedures, and was charged with the responsibility of insuring adequate medical care to inmates of the George Hill Correctional Facility.

13. Defendant, C.O. Dixon, is an adult individual and resident of the Commonwealth of Pennsylvania, who at all material times was employed as a Corrections Officer by the Defendant, Delaware County and/or CEC.

14. Defendant, C.O. Stacey, is an adult individual and resident of the Commonwealth of Pennsylvania, who at all material times was employed as a Corrections Officer by the Defendant, Delaware County and/or CEC.

15. Defendant, C.O. John Doe, is an adult individual and resident of the Commonwealth of Pennsylvania, who at all material times was employed as a Corrections Officer by the Defendant, Delaware County and/or CEC.

16. Defendant, Medical Staff Jane Doe, is an adult individual and resident of the Commonwealth of Pennsylvania, who at all material times was employed as a Corrections Officer by the Defendant, Delaware County and/or CEC.

17. At all material times, Defendants, Corrections Officer Dixon, Corrections Officer Stacey, Corrections Officer John Doe, and Medical Staff Jane Doe, were acting within the course

and scope of their employment, under color of state law, and pursuant to the customs, policies and/or practices of the Defendant, Delaware County .

18. Defendants, Corrections Officer Dixon, Corrections Officer Stacey, Corrections Officer John Doe, and Medical Staff Jane Doe, are being sued both individually and in their official capacities as officers and/or employees of Defendant, Delaware County and/or CEC.

### III. <u>OPERATIVE FACTS</u>

19. On or about December 28, 2011, Ms. Simonds suffered a work related injury while on work release from Delaware County Prison, under the supervision of Defenant, Community Education Centers, Inc.

20. Plaintiff was taken to Riddle Hospital and diagnosed with a comminuted distal radial fracture with extension into the intra-articular space.

21. Plaintiff was discharged to and taken to the George Hill Correctional Facility, with instructions to undergo an orthopedic evaluation in three days.

22. While incarcerated at the George Hill Correctional Facility, Plaintiff came under the care of Defendant, Dr. Ronald Phillips, and Correctional Medical Associates, Inc.

23. All defendants had actual notice of plaintiff's serious medical needs.

24. In spite of the above, the defendants held the plaintiff in custody for two additional months without providing an orthopedic consultation or a cast.

25. During this time, Plaintiff filed two separate grievances reminding the prison of her medical needs and urgently requesting medical care. These were both ignored.

26. Despite the above notice, the defendants continued to deny plaintiff treatment and failed to transport her to the hospital or an orthopedic surgeon for follow up care.

27. In response to defendants' deliberate indifference to her serious medical needs, the Plaintiff filed and exhausted any and all grievance procedures available to her before her release.

28. Despite Plaintiff's continued requests, the defendants intentionally, maliciously, and/or recklessly failed to provide plaintiff with the needed medical care during the course of her incarceration.

29. As the direct and proximate result of defendants failure to provide a cast, refusal to take the Plaintiff for an orthopedic evaluation, refusal to allow Plaintiff to meet her medical appointments, and failure to provide the Plaintiff with adequate in-house medical care and treatment, including appropriate pain medication, the Plaintiff was forced to live in inhumane, barbaric conditions, forced to suffer severe and constant pain, and was denied necessary medical devices and/or treatment, resulting in extreme indignity, humiliation, emotional distress, as well as severe physical discomfort, and a serious decline in her medical condition.

30. By the time Plaintiff was released from custody on February 22, 2012, her bones had improperly set, leading to a severe exacerbation of her initial injury, causing permanent nerve damage and paralysis of the right long finger, as a direct, proximate, and entirely foreseeable result of the joint and/or several intentional, malicious, negligent and/or reckless acts and/or omissions of the defendants.

31. As a direct and proximate result of the above, on March 7, 2012, the plaintiff was forced to undergo an open reduction, internal fixation surgical intervention, with median nerve release and placement of plates and screws.

32. As a direct and proximate result of the above, the plaintiff has been obliged to and may continue to expend various sums of money and to incur various expenditures for medical treatment for an indefinite period of time in the future, to her great detriment and loss.

33. As a direct and proximate result of the above, the plaintiff suffered disability, mental anguish and emotional distress and will continue to suffer same for an indefinite time in the future to her great detriment and loss.

34. As a direct and proximate result of the above, the plaintiff has and will hereinafter incur other financial expenses and losses.

### COUNT I - 42 U.S.C. § 1983, AND § 1988
### INADEQUATE MEDICAL CARE
### BRIDGET SIMONDS V. COMMUNITY EDUCATION CENTERS, INC., CORRECTIONAL MEDICAL CARE ASSOCIATES, INC., DR. RONALD PHILLIPS, AND CORRECTIONS OFFICERS JOHN DOE, JANE DOE, DIXON, AND STACEY

35. All preceding paragraphs are fully incorporated herein by reference.

36. During the course of her incarceration at George Hill Correctional Facility Plaintiff repeatedly made defendants aware of the fact that she suffered from a serious medical condition that required specifictreatment, medical equipment, medications, and/or therapy.

37. At all times relevant hereto, the plaintiff's injuries constituted a serious medical need, in that medical personnel had already determined that the condition required treatment, the broken wrist and associated swelling was so obvious that non-doctors would recognize the need for medical treatment, the denial of medical treatment resulted in the plaintiff suffering needless pain and a serious and permanent injury.

38. Based on the above, the defendants knew of an excessive risk to the plaintiff's health, and disregarded that risk by failing to take reasonable measures to address it.

39. Acting with deliberate indifference to her serious medical needs, the defendants, Community Education Centers, Inc., Correctional Medical Associates, Dr. Ronald Phillips, C.O. Stacey, C.O. Dixon, C.O. John Doe, and/or Medical Staff Jane Doe, participated in and were responsible for the decision to deny the Plaintiff her needed medical equipment and treatment.

40. The defendants' conduct in failing to take the Plaintiff for an orthopedic evaluation, failure to provide a cast, failure to provide transportation for plaintiff to attend appointments, and ignoring the Plaintiff's repeated request for necessary medical equipment, medications and

therapy resulted in extreme pain and suffering, humiliation and degradation to the plaintiff, along with the severe exacerbation of plaintiff's injuries, in violation of the Plaintiff's rights under the Eighth and Fourteenth Amendments.

41. As aforesaid, the defendants, Community Education Centers, Inc., Correctional Medical Associates, Dr. Ronald Phillips, C.O. Stacey, C.O. Dixon, C.O. John Doe, and/or Medical Staff Jane Doe, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of George Hill Correctional Facility; deprived plaintiff of her rights, privileges and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States; all of which actions violated the plaintiff's rights under the Eighth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

42. As aforesaid, the defendants, Correctional Medical Associates, Dr. Ronald Phillips, C.O. Stacey, C.O. Dixon, C.O. John Doe, and/or Medical Staff Jane Doe, acting within the scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of George Hill Correctional Facility, intentionally and maliciously used their position of authority, illegally and improperly to punish the plaintiff and deprive her of medical care, by the above described actions, all of which violated the plaintiff's rights under the Eighth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

43. As a direct and proximate result of the malicious, intentional, deliberate, and/or reckless actions of the defendants, Correctional Medical Associates, Dr. Ronald Phillips, C.O.

Stacey, C.O. Dixon, C.O. John Doe, and/or Medical Staff Jane Doe, the plaintiff suffered injuries which are described above.

44. The above described actions of the defendants, Community Education Centers, Inc., Correctional Medical Associates, Dr. Ronald Phillips, C.O. Stacey, C.O. Dixon, C.O. John Doe, and/or Medical Staff Jane Doe, in their individual capacities, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, plaintiff, Bridget Simonds, demands compensatory and punitive damages against the defendants, Community Education Centers, Inc., Correctional Medical Associates, Inc., Dr. Ronald Phillips, C.O. Stacey, C.O. Dixon, C.O. John Doe, and Medical Staff Jane Doe, jointly and/or severally, in an amount sufficient to fully and adequately compensate the plaintiff and punish and deter the defendants, plus interest, costs, attorney's fees and all other appropriate relief.

### COUNT II - 42 U.S.C. §1983 AND §1988
### CUSTOM AND POLICY OF UNCONSTITUTIONAL CONDUCT
### BRIDGET SIMONDS VS. DELAWARE COUNTY

45. Paragraphs 1-44 are incorporated herein by reference, as though fully set forth at length.
46. The plaintiff, Bridget Simonds, believes and therefore avers that the defendant, Delaware County, has adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or the acquiescence of the deliberate indifference to serious medical needs of inmates, and subjecting them to the same type of treatment to which plaintiff was subjected, which policy violates the Eighth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. § 1983.

47. The plaintiff believes and therefore avers that defendant, Delaware County, has adopted and maintained for many years, a recognized and accepted policy, custom, and practice of systematically failing to properly train, supervise and discipline officers and/or medical staff, including the aforementioned individual defendants, regarding constitutional restraints on the deprivation of medical care and treatment, which policy violates the Eighth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. § 1983.

48. The defendant, Delaware County, has been deliberately indifferent to the rights of inmates of the George Hill Correctional Facility to be provided with essential medical care, which deliberate indifference violates the plaintiff's rights under the Eighth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. § 1983.

49. The plaintiff believes and therefore avers, that at the time of the aforementioned incident, defendant, Delaware County , knew or should have known of the above described policy of the George Hill Correctional Facility, and that it deliberately, knowingly, and/or negligently failed to take measures to stop or limit the policy, including, inter alia, providing proper training, supervision, and control of the officers, agents, and/or employees of the George Hill Correctional Facility and/or Correctional Medical Care Associates, Inc.

50. The plaintiff believes and therefore avers that the defendant, Delaware County, has adopted and maintained for many years a recognized and accepted policy, custom and practice of failing to properly investigate matters in which officers and or medical staff failed to provide adequate and proper medical care resulting in cruel and unusual punishment, which allows for and results in an encouragement to officers within the George Hill Correctional Facility,

including the aforementioned individual defendants, to continue doing the same, and creates policies, practices, and/or procedures allowing officers to proceed in this manner and creates an atmosphere for the allowance of deliberate indifference by officers and/or medical staff of the facility and employees of Correctional Medical Care Associates, Inc., without fear of punishment.

51. The defendant, Delaware County, was aware of the aforesaid described policy, custom and practice for a substantial period of time and despite knowledge of the illegal policies and practices as described above by the supervisory and policy making officers and officials, failed to take steps to terminate said practices; have not disciplined or otherwise properly supervised defendant officers and doctors, who engaged in the said practices; have not effectively trained officers with regard to the proper constitutional and statutory limits in the exercise of their authority and instead sanctioned the policy and practices described to the deliberate indifference of the constitutional rights of the inmates of the George Hill Correctional Facility.

52. By failing to take action to stop or limit the policy and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, defendant, Delaware County, condoned, acquiesced in, participated in, and perpetrated the policy in violation of the plaintiff's rights under the Eighth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and was in violation of 42 U.S.C. § 1983.

53. The plaintiff believes and therefore avers that the defendant, Delaware County, has adopted and maintained for many years a recognized and accepted policy consisting of an inadequate system of review of claims of inadequate medical care, which system has failed to identify

instances of deliberate indifference to serious medical needs or insure that prisoners serious medical needs are being met.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 and § 1988, plaintiff, Bridget Simonds, demands compensatory and punitive damages against defendant, Delaware County, in an amount sufficient to fully and adequately compensate the plaintiff, plus interest, costs, attorney's fees and all other appropriate relief.

<u>COUNT III- PENNSYLVANIA LAW
NEGLIGENCE
BRIDGET SIMONDS V. CORRECTIONAL MEDICAL CARE ASSOCIATES, INC., AND
DR. RONALD PHILLIPS</u>

54. Paragraphs 1-53 are incorporated by reference as though fully set forth at length..

55. At all times relevant hereto, Defendant, Correctional Medical Care Associates, Inc., was in the business of providing medical care to prisoners housed in the Delaware County Prison System.

56. At all times relevant, Defendant, Correctional Medical Care Associates, Inc., and Dr. Ronald Phillips, operated and maintained medical infirmaries and facilities at the George Hill Correctional Facility, for the purpose of providing medical care to inmates like the Plaintiff.

57. Defendants, Correctional Medical Care Associates, Inc.and/or Dr. Phillips, breached its duty to provide the plaintiff with appropriate medical care and treatment, as described above.

58. The above described acts and/or omissions of the defendants, Correctional Medical Care Associates, Inc., and Dr. Ronald Phillips, constituted a deviation from the recognized standard of care in the local community.

59. At all times relevant, Defendants, Correctional Medical Care Associates, Inc., and/Dr. Phillips negligently supervised its agents, doctors, nurses, employee and other medical personnel and failed to insure that prisoners like Plaintiff obtained timely referrals or transportation to outside medical facilities.

60. The aforesaid injuries of Plaintiff were exacerbated, aggravated and/or caused by the negligence of Defendant, Correctional Medical Care Associates, Inc., in that, through its workmen, doctors, nurses, employees and agents, including the individual defendants, Dr. Ronald Phillips, it failed and/or refused to provide medical care to Plaintiff and/or unnecessarily delayed Plaintiff from receiving obvious and necessary medical treatment.

61. As a result of Defendant's acts, Plaintiff has suffered injuries and damages as hereinbefore described.

WHEREFORE, pursuant to Pennsylvania law, the plaintiff, Bridget Simonds, demands compensatory damages against the defendants, Correctional Medical Care Associates, Inc., and Dr. Ronald Phillips, jointly and/or severally, in an amount sufficient to fully and adequately compensate the plaintiff, plus interest, costs, attorney's fees and all other appropriate relief.

ABRAMSON & DENENBERG, P.C.

BY:_____
THOMAS BRUNO, II, ESQUIRE
IDENTIFICATION NUMBER:  26180
1315 WALNUT STREET, 12TH FLOOR
PHILADELPHIA, PENNSYLVANIA 19107
(215) 546-1345