IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIDGET SIMONDS | : | CIVIL ACTION |
| | : | NO. 13-7565 |
| v. | : | |
| | : | |
| DELAWARE COUNTY, et al. | : | |

O'NEILL, J.                                                                                           July   1   , 2014

### MEMORANDUM

On March 14, 2014, plaintiff Bridget Simonds, formerly an inmate at Delaware County Prison, filed an amended complaint against moving defendants Delaware County, Community Education Centers, Inc., Dr. Ron Phillips and Kelly Mullan[1], among others, [2] alleging that they had violated her Eighth Amendment right to necessary medical treatment during incarceration. Now before me is a partial motion to dismiss plaintiff's amended complaint for failure to state a claim filed by those defendants identified above. For the following reasons I will grant in part and deny in part defendants' motion.

### BACKGROUND

On approximately Dec. 28, 2011 Bridget Simonds suffered a work related injury while on work release under the supervision of Community Education Centers, Inc. (CEC). Am. Compl. ¶ 21. Simonds was immediately transported to Riddle Hospital where she was diagnosed with a "comminuted distal radial fracture with extension into the intra-articular space." Id. at ¶ 22. The hospital informed Corrections Officer Lynch that Simonds would require an orthopedic

---

[1] Plaintiff's complaint incorrectly identifies her as "Kelly Mutian." Def.'s Partial Mot. to Dismiss Pl.'s Am. Compl. at 1.

[2] Of the named defendants, only those moving to dismiss have been properly served. Plaintiff has until the end of the 120 day period from the date of filing her amended complaint, July 14, 2014, to serve process on these defendants or the Court will dismiss all claims against them.

evaluation in three days.  Id. at ¶ 24.   Simonds was then transported back to the George Hill Correctional Facility (GHCF). Id. at ¶ 23.

Simonds received no further treatment or follow-up care despite having filed two separate grievances requesting medical care for her injury.  Id. at ¶ 26-27.  Plaintiff alleges that Delaware County, CEC and Correctional Medical Associates, Inc. (CMA) knew both that she had suffered a serious injury and that a doctor had ordered additional treatment and were aware at the time of her injury that she was set to be released from the correctional facility in approximately two months.  Id. at ¶ 24-26, 34.  Plaintiff alleges that she exhausted all grievance procedures available to her prior to her release and now claims that Delaware County, CEC and CMA had: (1) a policy or custom of refusing or delaying necessary medical treatment to injured inmates set to be released within a few months in order to save money, (2) a policy or custom of ignoring the orders of outside doctors for additional medical treatment and (3) a failure to have a policy in place to follow-up on doctors' orders in order to provide adequate medical treatment.  Id. at ¶ 31-33.  As a result of the lack of treatment for her injured arm Simonds alleges she endured two months of unnecessary pain and suffering, required surgery that with proper care would not have been required and has permanent nerve damage and paralysis of the right long finger.  Id. at ¶ 35-40.

On December 24, 2013, after her release, plaintiff filed this action against Delaware County, CMA, CEC, Dr. Ron Phillips and Kelly Mullan, among others.  In her amended complaint, plaintiff claims that as a result of the delay in treatment for her injured arm, her rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment have been violated.  Id. at ¶ 47.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Id. at 556. The Court of Appeals has made clear that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Id. at 210-11, quoting Iqbal, 556 U.S. at 679. The Court explained, "a complaint must do more

3

than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

### I. Claims Under 42 U.S.C. § 1983 Against Kelly Mullan and Dr. Phillips

Dr. Phillips and Kelly Mullan move to dismiss plaintiff's claim against them under 42 U.S.C. §1983 for inadequate medical care arguing that plaintiff has not sufficiently alleged that they acted with deliberate indifference toward a serious medical need. To establish her claims under § 1983 plaintiff must allege that (1) a constitutional right was violated and (2) that the deprivation of that right was "committed by a person acting under color of state law." Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). Neither Mullan nor Dr. Phillips dispute the allegation that they were acting under the color of state law and plaintiff alleges that each was employed by Delaware County. Instead Phillips and Mullan argue that their actions did not violate a constitutional right.

#### A. Kelly Mullan

The Court of Appeals has previously stated that "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). The Western District has been even more explicit stating that, "where a prisoner is being treated by medical personnel, non-physician prison officials cannot be deliberately indifferent for failing to intervene in the medical treatment." Glatts v. Lockett, No. 09-29, 2011 WL 772917, at *9 (W.D.

Pa. Feb. 28, 2011). On the facts alleged by plaintiff, Dr. Phillips, a medical professional, was responsible for all medical staff and responsible for ensuring that inmates were provided adequate medical care. Mullan, however, is alleged to be a Corrections Officer and therefore a non-medical prison official. Therefore, I will dismiss plaintiff's claims against Mullan as she cannot be found liable for deliberate indifference to Simonds's medical needs since plaintiff was under Dr. Phillips's care. I will grant plaintiff leave to amend to the extent that she can show she was not under Dr. Phillips's or another physician's care while incarcerated.

B.   Dr. Phillips

I must consider, however, whether plaintiff has sufficiently alleged that Dr. Phillips was deliberately indifferent to her medical needs. The Eighth Amendment proscribes the "unnecessary and wanton infliction of pain" which includes deliberate indifference to the serious medical needs of inmates.[3] Estelle v. Gamble, 429 U.S. 97, 104-05 (1994), citing Gregg v. Georgia, 428 U.S. 153, 173 (1976). An inmate's medical need will be classified as serious if it results in significant pain, if it has exposed the inmate to further injury and if it can cause permanent injury if left untreated. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Deliberate indifference occurs when a prison official "knows of and disregards an excessive risk to inmate health or safety." Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 584 (3rd Cir. 2003), quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989). A prison official's being put

---

[3] Plaintiff claims her rights were violated under both the Eighth and the Fourteenth Amendments, however plaintiff does not allege that her rights were violated while she was a pretrial detainee but only when she was a convicted prisoner, therefore her claims are only evaluated under the Eighth Amendment. Wagner v. Algarin, No. 10-2513, 2010 WL 5136110, at *3 (E.D. Pa. Dec. 16, 2010). Even if plaintiff had alleged that she was a pre-trial detainee at the time she alleges her rights were violated, my analysis would not change. The standard for evaluating defendants' conduct is the same under both the Eighth and the Fourteenth Amendments. See Jacobs v. Young, No. 1:CV-13-20662014, 2014 WL 1846111, at *3 (M.D. Pa. May 8, 2014).

on notice of a prisoner's serious medical need and failing to remedy or investigate that need constitutes deliberate indifference.  See Natale, 318 F.3d at 582.  However, any small step taken to investigate or resolve a prisoner's complained of harm will be sufficient to demonstrate that an officer was not acting in a deliberately indifferent manner, even if the measures taken still constitute negligence.  See Moore v.Tartler, 986 F.2d 682, 686 (3d Cir. 1993).

To establish a claim under §1983 against Dr. Phillips based on the violation of her Eighth Amendment rights, plaintiff must allege the following: (1) Dr. Phillips had knowledge of her harm or injury and of the risk posed by his act or omission, (2) he failed to take steps toward effectively remedying the situation, indicating the infliction of pain was both wanton and unnecessary, i.e., a result of deliberate indifference; and (3) a causal connection between Dr. Phillip's official's acts or omissions, and the ensuing harm to plaintiff.  Moore, 986 F.2d at 686-87.

Plaintiff alleges that Corrections Officer Lynch informed Dr. Phillips that plaintiff's original doctor had ordered follow-up treatment and she alleges that she filed grievances noting both her need for treatment and her original doctor's instructions, but was provided no follow-up treatment or exam of any kind.  Thus, plaintiff has sufficiently alleged that Dr. Phillips knew of plaintiff's wrist injury and the risk imposed by his failure to provide follow-up care but he failed to take steps to remedy the situation.

Plaintiff also alleges sufficient facts to plead a causal connection between her injury and the follow-up treatment she was denied as she claims that she was in constant pain, had permanent nerve damage and required unnecessary surgery as a result of having been denied treatment for two months.  Therefore, plaintiff meets the criteria set out by the Court of Appeals to plausibly allege a violation of her Eighth Amendment rights under §1983.

6

Phillips does not dispute plaintiff's allegations that she paid for her own medical care after being released from prison and received no follow-up treatment during the remaining two months of her incarceration. Instead, Phillips argues that he merely disagreed with Simonds's original doctor's recommendation for treatment and therefore he was negligent at most. I disagree with defendant. Phillips is correct in stating that when an inmate is provided with medical care and only the adequacy of such care is in dispute, no violation of the Eighth Amendment has occurred. See Caldwell v. Luzerne Cnty. Corr. Facility Mgmt. Emps., 732 F. Supp. 2d 458, 472 (M.D. Pa. 2010). However, here plaintiff alleges not that she was provided with inadequate care but with no care at all as her original doctor's express orders were ignored and defendant allegedly provided no further examination or treatment; this allegation is sufficient to plead the deliberate denial of necessary care. When prison doctors or medical authorities deliberately ignore the orders of a prisoner's prior physician, such acts are sufficient to allege a violation of the Eighth Amendment. White v. Napoleon, 897 F.2d 103, 107 (3d Cir. 1987).

Taking the facts alleged in plaintiff's complaint as true, Dr. Phillips provided plaintiff with no follow-up examination or treatment either conducted by him or by another health professional. Absent allegations that he examined plaintiff or her medical records or provided some form of follow-up testing or care, Dr. Phillips cannot claim that he merely disagreed with the medical opinion of plaintiff's original doctor.[4] See Glatts, 2011 WL 772917, at *4, *9. Therefore, plaintiff has sufficiently alleged that Dr. Phillips was deliberately indifferent to her

---

[4] In Glatts, 2011 WL 772917, at *9, the defendant, a doctor, was found to be at most liable for medical negligence rather than deliberate indifference because the plaintiff alleged continued treatment and examination while in prison including "frequent testing, MRIs, EMG's and differing treatment modalities, including the provision of leg supports." Because Simonds makes no allegation that she was provided any follow-up treatment, examination or care, the finding of a mere difference of opinion between physicians rather than one of deliberate indifference is not appropriate here.

7

medical needs to withstand his motion to dismiss her §1983 claim against him.

## II.     Claims Under § 1983 Against Delaware County and the CEC

Delaware County and CEC move to dismiss the claims against them under §1983 on the grounds that plaintiff has not sufficiently alleged that their denial of treatment was a result of an unconstitutional policy or custom or the result of a failure to train employees or to implement policy.

### A.     CEC

Delaware County and CEC can only be held liable under §1983 if they are state actors. While it is clear that Delaware County is a state actor, plaintiff alleges only that CEC is a business entity. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 108 S. Ct. 2250, 2255 (1988). In addition, "State employment is generally sufficient to render the defendant a state actor." Id., quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982).

Because there is no allegation either that CEC possessed particular powers under state law, that CEC's alleged violations of plaintiff's rights were only possible because of these powers or that CEC is employed by the state, plaintiff has not sufficiently alleged that CEC is liable under §1983. See Kelly v. N.J. Dept. of Corr., No. 11-7256, 2012 WL 6203691 at *5 (D.N.J. Dec. 11, 2012) (holding that CEC was not a state actor merely because it was performing a public contract). I will dismiss plaintiff's claims against CEC with leave to amend to the extent that plaintiff can demonstrate that CEC was functioning as a state actor in connection with her medical treatment while incarcerated.

B.     **Delaware County: Policy or Custom**

Municipal entities such as Delaware County are not immune from lawsuits under §1983, but cannot be held liable for the torts of their employees under a theory of respondeat superior. Monell v. N.Y. Dep't of Social Servs., 436 U.S. 658, 693 (1978). Instead, under §1983 Delaware County can only be liable for acts by its employees which violate the constitutional rights of others when those acts are either part of a policy "officially adopted and promulgated by that body's officers" or where the actions are "pursuant to governmental 'custom.'" Id. at 690-91. To make out a plausible claim against Delaware County under §1983 for a violation of the Eighth Amendment plaintiff must allege "(1) what the relevant policies are," (2) the basis plaintiff has for thinking those policies impacted his medical treatment, and (3) the specific treatment plaintiff was "denied as a result of these policies." Winslow v. Prison Health Servs., 406 F. App'x 671, 674 (3d Cir. 2011).[5] Winslow makes clear that cost is a legitimate consideration in determining medical treatment. Id. ("The naked assertion that Defendants considered cost in treating Winslow's hernia does not suffice to state a claim for deliberate indifference.").

Plaintiff alleges that Delaware County had a policy or custom of acting in a manner deliberately indifferent to the medical needs of prisoners soon to be released in order to save money, a policy or custom of ignoring orders from outside doctors and that a failure to train staff regarding the unconstitutionality of denying necessary medical care and treatment gave rise to

---

[5] Defendant relies on Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 250-51 (3d Cir. 2007), for the claim that a specific pattern of behavior, with many specific instances, must be alleged in order to establish a policy or custom. Def.'s Mem. in Supp. of Mot. to Dismiss Pl.'s Am. Compl. at 3. However, as Jiminez deals with a motion for summary judgment rather than a motion to dismiss, it is not relevant in determining the extent of specificity with which plaintiff must plead. 503 F.3d at 250-251. Therefore, the lower standard applied in Winslow is appropriate here, though plaintiff fails to meet even this standard.

the deprivation of her constitutional right to medical treatment while incarcerated.  Am. Compl. at ¶ 31-33.  Liberally construing the allegations in plaintiff's amended complaint, they are too conclusory to meet the criteria outlined in Winslow.  Plaintiff sufficiently alleges what the relevant policies are and the treatment she was denied as a result of these alleged policies: a follow-up visit with an orthopedist.  However, plaintiff does not sufficiently allege any reason that she believes those specific policies impacted her treatment, but states only, in a conclusory fashion, that such policies exist.  Cf., Winslow., 406 F. App'x at 674.   Further, to the extent that she contends that a policy to save money was the moving force behind defendants' alleged failure to provide adequate treatment, Winslow supports a finding that cost is a legitimate consideration in determining treatment.  Id.  Without more, plaintiff's allegation that Delaware County had a policy or custom of denying or delaying medical treatment to inmates based on cost-savings, is insufficient to allege an unconstitutional policy or custom and cannot withstand defendant' motion to dismiss.  I will grant plaintiff leave to amend to the extent that she can allege that an unconstitutional policy impacted her treatment.

### C. Failure to Train/Failure to Have a Policy in Place

Delaware County can only be held liable for violations of constitutional rights that occur due to a lack of employee training or the absence of a necessary policy if that lack of training or absence of a policy amounts to "'deliberate indifference" to the "constitutional rights of persons with whom . . . [employees] come in contact.'"  Woloszyn v. County of Lawrence, 396 F.3d 314, 324 (3d Cir. 2005).  The choice not to train employees or to implement a policy must have been "conscious" and "deliberate" and must amount to a "policy."  Id.  Plaintiff must also clearly demonstrate that the deficiency in training, or lack of a policy, is the cause of the employee's indifference.  Id. at 325.  "'[A] municipality's culpability for a deprivation of rights is at its most

tenuous where a claim turns on failure to train'." Washington v. City of Phila, No. 11-3275, 2012 WL 85480, at *6 (E.D. Pa. Jan. 11, 2012), quoting Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (alteration in original). Therefore a "pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." Id. When there is only a single incident alleged, liability may only be assigned when the unconstitutionality of the consequences of the failure to train are "patently obvious." Id.

The Court of Appeals has developed a three-part test for determining whether a failure to train or to implement a policy amounts to deliberate indifference, requiring that: "(1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." Carter v. City of Phila., 181 F.3d 339, 356 (3d Cir. 2008).

Plaintiff claims that Delaware County has not implemented a policy requiring employees to follow-up on doctors' orders and to provide necessary medical treatment for inmates. However, this allegation is entirely conclusory, with no supporting facts alleged to indicate a pattern of instances, nor to indicate that the consequences of this alleged failure were "patently obvious." See Washington, No. 11-3275, 2012 WL 85480 at *6. Further, while plaintiff alleges that Dr. Phillips set policy for the facility and therefore would likely qualify as a municipal policymaker, she does not sufficiently allege that he knew employees would confront the issue of determining whether and to what degree a doctor's orders should be followed or that there is either a difficult choice or a history of employee mishandling involved. Further, plaintiff does not sufficiently allege that the wrong choice by an employee will frequently cause the

deprivation of rights.  See Carter, 181 F.3d 339 at 356.  She has alleged no other instances of an employee choosing to follow or to not follow doctor's orders except for when she was allegedly denied care.  Therefore plaintiff has not sufficiently alleged that a failure to train or to have a policy in place is the cause of her harms.  Because she has not sufficiently alleged that Delaware County should be subjected to a claim under §1983 on the basis of a failure to train or a custom or policy, I will dismiss plaintiff's claim against Delaware County with leave to amend.

### III.     Punitive Damages

Dr. Phillips and Kelly Mullan argue that plaintiff's claim for punitive damages should be dismissed because there are no allegations to support such a request.  Punitive damages may be assessed when the defendant's conduct, "is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Alexander v. Riga, 208 F.3d 419, 430-31 (3d Cir. 2000), quoting Smith v. Wade, 461 U.S. 30, 56 (1983).  The only motivation offered by plaintiff is her allegation that she was refused treatment in order to save money.  This motive is not sufficient to allege the requisite evil motive or intent as it has been held to be a valid consideration in determining treatment.  Winslow v. Prison Health Servs., 406 F. App'x at 674.  Therefore, I will dismiss plaintiff's claim for punitive damages with leave to amend to the extent that she is able to allege sufficient facts to plead evil motive or intent or reckless or callous indifference.

### CONCLUSION

For the reasons set forth more fully above, defendant's motion to dismiss will be denied as to plaintiff's claims against Dr. Phillips under §1983 and granted as to all other claims considered in the motion.  An appropriate Order follows.